UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUTHES C. HOLEYFIELD,

      Plaintiff,

v.            Case No. 23-cv-1046-pp

MILWAUKEE COUNTY JAIL,

      Defendant.

---

**ORDER DIRECTING PLAINTIFF TO FILE SIX-MONTH TRUST ACCOUNT STATEMENT OR STATEMENTS**

---

  Plaintiff Ruthes C. Holeyfield, who is incarcerated at Green Bay Correctional Institution and representing himself, has filed a civil complaint and a motion for leave to proceed without prepaying the filing fee. Dkt. Nos. 1, 2. On August 7, 2023, the clerk's office sent the plaintiff a letter requesting that within twenty one days, the plaintiff file a certified copy of his institutional trust account statement or statements covering the previous six-months. Dkt. No. 3. Twenty-one days after the clerk's letter was August 28, 2023 and the court has not received a copy of the plaintiff's trust account statement.

  Because the plaintiff was incarcerated when he filed his complaint, and because he has filed a petition for leave to proceed without prepaying the filing fee, the law requires him to provide the court with a certified copy of his trust account statement or statements from the institution or institutions in which he was confined for the six months preceding the filing of this case. See 28 U.S.C. §1915(a)(2) ("A prisoner seeking to bring a civil action . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the

1

complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined."). *If the plaintiff was confined at more than one institution during the six months before he filed his complaint, he must provide the court with a trust account statement from each institution where he was confined during the six-month period.*

The court will give the plaintiff another opportunity to file his trust account statement. The plaintiff must file the trust account statement in time for the court to *receive* it by the end of the day on **September 22, 2023**. If the court does not receive the plaintiff's trust account statement, or a letter explaining why he cannot submit it, by the end of the day on September 22, 2023, the court will dismiss this case without prejudice.

The court **ORDERS** that by the end of the day on **September 22, 2023**, the plaintiff must file a certified copy of his trust account statement or statements covering the period from February 2023 through July 2023, or he must file proof demonstrating that he cannot submit the trust account statement(s). If the court does not receive either the trust account statement(s) or proof that the plaintiff cannot obtain the statement(s) by the end of the day on September 22, 2023, the court will dismiss this case without prejudice without further notice or hearing.

Dated in Milwaukee, Wisconsin this 31st day of August, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**