UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUTHES C. HOLEYFIELD,

        Plaintiff,

v.                                                               Case No. 23-cv-1046-pp

MILWAUKEE COUNTY JAIL,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE (DKT. NO. 10), VACATING JUDGMENT AND ORDER DISMISSING CASE (DKT. NOS. 8, 9), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

      Plaintiff Ruthes C. Holeyfield, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his constitutional rights were violated when he was confined at the Milwaukee County Jail. Dkt. No. 1. On October 23, 2023, the court dismissed the case without prejudice for the plaintiff's failure to pay the initial partial filing fee. Dkt. No. 8. On November 3, 2023, the plaintiff filed a motion to reopen the case in which he explains that he paid the initial partial filing fee. Dkt. No. 10. The plaintiff is correct. The court received the initial partial filing fee on October 12, 2023; court staff inadvertently did not properly docket the payment. This decision grants the plaintiff's motion to reopen the case, dkt. no. 10, grants his motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

1

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On September 14, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $3.57. Dkt. No. 7. As explained above, the court received that fee on October 12, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

  A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

2

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued the Milwaukee County Jail. Dkt. No. 1 at 1. He alleges that "[i]n the year of the end of 2021-2022" he fell twice in the jail. Id. at 2. He says that he fell once "due to the sink was running over and the[re] was water on the day room floor and [he] fell slipped on the wet floor [his] feet coming from up under [him] and [him] kicking them forward in the air and [he]

landed on [his] back hitting [his] head very hard also hurting [his] neck and back also blood was running from [his] nose and the back of [his] head." Id. The plaintiff states that he "was to have a cane" but was not provided one. Id. at 3. He says that he had been "giv[en] . . . one before" but that Milwaukee County Jail staff told him that Dr. Enid Trotemen and the nurse said they must take his cane and walker. Id. The plaintiff states that he had a civil suit "in on Wellpath that is Milwaukee County Jail medical" and that he had to "do two separate lawsuit[]s. Id.

For relief, the plaintiff seeks $500,000 and asks the court to require the Milwaukee County Jail to pay for all his surgeries for his back getting fixed and his physical therapy. Id. at 4.

C. Analysis

The plaintiff cannot sue the Milwaukee County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person—it is not a "person" who can be sued under §1983. Under some circumstances, a plaintiff may sue a municipality—which is not a person—under §1983. See Monell v. Dep't of Social Serv's. of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an

arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Milwaukee County Jail does not have the capacity to be sued, the plaintiff may not proceed against the jail.

The plaintiff's allegations that he slipped and fell on water that ran over the sink and fell onto the floor does not implicate his constitutional rights. "Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." Pyles v. Fahim, 771 F.3d 403, 410 (7th Cir. 2014); see Bellows v. Decatur Cnty. Sheriff's Dep't, No. 19-cv-77, 2020 WL 4287218, at *6 (S.D. Ind. July 24, 2020) (slippery floors are not objectively unreasonable under the Fourteenth Amendment); see also Davis v. Jerome Combs Det. Ctr., Case No. 22-2279, 2023 WL 2699964, at *2 (C.D. Ill. Mar. 29, 2023); McLemore v. Downey, Case No. 19-2319, 2020 WL 5121287, at *1 (C.D. Ill. Aug. 31, 2020) (whether plaintiff was a pretrial detainee or a convicted prisoner, courts have routinely held slippery floors do not rise to the level of a constitutional violation); Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001) ("failing to provide a maximally safe environment, one completely free from ... safety hazards, is not [a constitutional violation].").

On the other hand, the plaintiff may be able to state a claim based on allegations that he did not receive medical care or treatment for the injuries he

5

Case 2:23-cv-01046-PP   Filed 03/11/24   Page 5 of 10   Document 11

suffered from the fall. A §1983 claim that a state pretrial detainee has received inadequate medical care is based on the rights secured by the Fourteenth Amendment's Due Process Clause. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda v. County of Lake, 900 F.3d 335, 346-47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. Id. (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

The complaint does not state a claim because the plaintiff has not identified or named any defendants who allegedly denied him medical care. The court will give the plaintiff an opportunity to file an amended complaint related to his allegations about the medical care and/or treatment he received after he fell.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key

facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion to reopen case. Dkt. No. 10.

The court **ORDERS** that the court's order and judgment dismissing this case (Dkt. Nos. 8, 9) are **VACATED**. The court will forward a copy of this order to the Financial Department.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **April 5, 2024**. If the court receives an amended complaint by the end of the day on April 5, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the April 5, 2024 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$346.43** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 11th day of March, 2024.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

10

Case 2:23-cv-01046-PP   Filed 03/11/24   Page 10 of 10   Document 11