UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUTHES C. HOLEYFIELD,

                Plaintiff,

v.                                Case No. 23-cv-1046-pp

MILWAUKEE COUNTY JAIL,

                Defendant.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 12)
AND DISMISSING CASE**

---

      Plaintiff Ruthes C. Holeyfield, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights were violated when he was confined at the Milwaukee County Jail. The court screened the original complaint and determined that the plaintiff did not state a claim based on allegations that he slipped and fell at the jail. Dkt. No. 5. The court also determined that the plaintiff's allegations that he did not receive medical care or treatment for the injuries he suffered from the fall might state a claim, but that he had not identified or named any defendants who allegedly denied him medical care. Id. at 6. The court gave the plaintiff an opportunity to file an amended complaint related to his allegations about the medical care and/or treatment he received at the jail. Id. The court received the plaintiff's amended complaint on March 18, 2024 (Dkt. No. 12); this order screens that amended complaint.

1

## I. Screening the Amended Complaint

### A. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793,

2

798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     Amended Complaint's Allegations

The plaintiff names the Milwaukee County Jail as the defendant. Dkt. No. 12 at 2. He alleges that he slipped and fell on some water in the day room at the jail. Id. The plaintiff states, "[t]hey refused to take me to the hospital or give me any medical treatment and I ask[ed] to go to the hospital[.]" Id. He alleges that he was sent to his room to lie down. Id.

The plaintiff alleges that the Milwaukee County Jail says to blame Wellpath, and Wellpath says to blame the jail. Id. at 3. He allegedly knows they violated his rights as a "county jail inmate who was hurt and ask to go to the hospital, and I did not get tak[en] for my back, head & neck injuries[.]" Id. The plaintiff states that he has three deteriorating disks in his spinal cord from the fall and that he has a very bad back and neck pain from the fall. Id.

In the amended complaint, the plaintiff also requests appointment of counsel. Id. He states that he has limited education and suffers from mental health conditions. Id. He states that he cannot overcome these challenges and that he hears voices and sees things, cannot keep a train of thought and loses focus easily. Id.

For relief, the plaintiff seeks $500,000, back treatment and payment of his medical bill to get his back and neck fixed. Id. at 5.

C.     Analysis

As he did in the original complaint, the plaintiff has named the Milwaukee County Jail as the only defendant. The court previously explained to the plaintiff that he cannot sue the Milwaukee County Jail under 42 U.S.C. §1983. Dkt. No. 11 at 4-5 (citing Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998)). The court also previously explained to the plaintiff that his allegations that he slipped and fell at the jail do not amount to a constitutional violation. Dkt. No. 11 at 5 (citing Pyles v. Fahim, 771 F.3d 403, 410 (7th Cir. 2014)). And while the court gave the plaintiff an opportunity to file an amended complaint regarding his allegations that jail staff denied him medical care after he fell, the plaintiff has not stated a claim for a constitutional violation because he has not done what the court instructed him to do—he has not identified or named anyone who allegedly denied him medical care. Dkt. No. 11 at 6.

The amended complaint *does* allege that the plaintiff stated he wanted to go to the hospital. The plaintiff previously filed a lawsuit raising this same claim and alleging that he wanted to go to the hospital, but in that case, another judge on this court dismissed the plaintiff's amended complaint for failure to state a claim. See Holeyfield v. Wellpath, Case No. 22-cv-1022-WCG, Dkt. No. 17 at 4. (E.D. Wis. Nov. 15, 2022). "[D]ismissal at the screening stage for failure to state a claim (with the possible exception, inapplicable here, of dismissal specified to be without prejudice) is a decision on the merits of the complaint." Coleman v. Labor & Indus. Review Comm'n, 860 F.3d 461, 470 (7th Cir. 2017). That means that after a judge issues an order screening a complaint and dismissing it for failure to state a claim, "the principles of res judicata will prevent [a plaintiff] from filing another complaint that arises from

4

Case 2:23-cv-01046-PP   Filed 06/12/24   Page 4 of 6   Document 13

the same underlying circumstances." Id.; see also Gleash v. Yuswak, 308 F.3d 758 (7th Cir. 2002) (affirming dismissal of second lawsuit as barred by claim preclusion when previously filed essentially identical lawsuit had been dismissed at screening stage for failure to state a claim).

The court will dismiss this case because it is frivolous and fails to state a claim. See id. at 761-62.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint is frivolous and fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying

5

Case 2:23-cv-01046-PP    Filed 06/12/24    Page 5 of 6    Document 13

the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of June, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**